IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                        Plaintiff,

    v.

PROGRESSIVE INSURANCE, SUMMIT CREDIT
UNION, SAMS RV, ARIZONA DEP'T OF MOTOR
VEHICLES, SAMMY MITCHELL, OLVEIN
RIOPEDRE, JAYCO, CAMPING WORLD/GOOD
SAM, and MASON MOTORS, INC.,

                        Defendants.

OPINION and ORDER

23-cv-398-jdp

---

Pro se plaintiff Valerie L. Flores brings this case based on allegations of misrepresentation in the purchase of a recreational vehicle. I will dismiss this case for lack of subject matter jurisdiction but allow Flores to file an amended complaint that fixes this problem.

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A natural person's citizenship for diversity purposes is the state where she's domiciled, which means the place where she's physically present with the intent to remain. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

Because Flores alleges that she and defendant Summit Credit Union are Wisconsin citizens, she hasn't shown complete diversity of citizenship. But Flores has a New York mailing address and has alleged in other cases before the court that she's a New York citizen. If that's true, there may be complete diversity of citizenship. So I will allow Flores to amend her complaint to clarify her citizenship.

Flores has moved to add new defendants and allegations to her complaint. Dkt. 8. I will deny this motion as moot: Flores is free to provide new allegations and defendants in her amended complaint.

Flores has filed three motions for preliminary injunctive relief. *See* Dkt. 5; Dkt. 9; Dkt. 11. I will deny these motions without prejudice because Flores hasn't alleged a basis for federal jurisdiction. Flores is free to move for preliminary injunctive relief when she files her amended complaint. If she does that, she should file one motion instead of separate motions. Flores is advised that a "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Gonzalez v. Westover*, No. 20-cv-635-jdp, 2022 WL 5167762, at *1 (W.D. Wis. Oct. 5, 2022).[1]

I will allow Flores to file an amended complaint that fixes the jurisdictional problem. In drafting her amended complaint, Flores should:

- Carefully consider whether she is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation

---

[1] The court's procedures for briefing motions for injunctive relief are available at https://www.wiwd.uscourts.gov/sites/default/files/Injunctive_Relief.pdf.

of her rights. Flores must take care to allege what each defendant did, or failed to do, to violate her rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Flores believes supports a claim, she should identify each defendant who took that action.

- Identify by full name all the individuals she wishes to sue in the amended complaint's caption.

- Include all factual allegations that support her claims in the amended complaint and any supplement. Flores is free to submit exhibits with her amended complaint to support its factual averments. But I will not parse her exhibits for potentially helpful information and construct a claim for her.

- Omit legal arguments other than explaining what types of claims she wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie L. Flores's complaint, Dkt. 1, is DISMISSED for lack of subject matter jurisdiction.

2. Plaintiff may have until November 2 to submit an amended complaint that fixes the jurisdictional problem.

3. Plaintiff must file her amended complaint on the court's nonprisoner complaint form, which the court will send her with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege her claims, she may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff's motion to amend, Dkt. 8, is DENIED as moot.

6. Plaintiff's motions for preliminary injunctive relief are DENIED without prejudice. *See* Dkt. 5; Dkt. 9; Dkt. 11.

7. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

8. Plaintiff must inform the court of any new address. If she fails to do this and defendants or the court cannot locate her, this case may be dismissed for failure to prosecute.

9. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered October 2, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge