IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                Plaintiff,

v.

PROGRESSIVE INSURANCE, SUMMIT CREDIT UNION, SAMS RV, ARIZONA DEP'T OF MOTOR VEHICLES, SAMMY MITCHELL, OLVEIN RIOPEDRE, JAYCO, CAMPING WORLD/GOOD SAM, and MASON MOTORS, INC.,

                Defendants.

OPINION and ORDER

23-cv-398-jdp

---

    Plaintiff Valerie L. Flores, without counsel, filed a complaint that I dismissed for lack of subject matter jurisdiction. Dkt. 1 and Dkt. 17. Flores didn't bring any federal claims, and she didn't allege complete diversity of citizenship. In response to my order, Flores has filed an amended complaint alleging various federal and state-law claims related to her purchase of a recreational vehicle with maintenance problems. Dkt. 18. Flores also alleges that I am biased against her. Flores has moved to amend the complaint and requests miscellaneous relief related to a loan for the RV. Dkt. 19 and Dkt. 20.

    I will treat the motion to amend the complaint as a supplement to the amended complaint at Dkt. 18. Because Flores proceeds without prepaying the filing fee, I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Flores's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Flores still hasn't alleged a basis for federal jurisdiction. Flores alleges claims under the Fair Credit Reporting Act (FCRA) and Title II of the Civil Rights Act of 1964, but she hasn't stated a claim under either statute. Flores has alleged complete diversity of citizenship, but it's clear from her allegations that the amount in controversy doesn't exceed $75,000.

There is no basis for my recusal. I will dismiss the case for Flores's failure to state a claim that can be heard in this court. Because Flores has repeatedly filed lawsuits that do not state claims that can be heard in this court, I will require her to pay the full filing fee before she may proceed with any lawsuit in this court.

ALLEGATIONS OF FACT

I draw these facts from Flores's amended complaint, Dkt. 18, and the supplement, Dkt. 20. Some of Flores's allegations are difficult to decipher and the amended complaint lacks a clear chronology; I will do my best to present Flores's allegations accurately.

Defendant Mitchell operated a dealership called Sam's RV, and defendant Riopedre operated a dealership called Mason Motors, Inc. In Arizona, these defendants sold Flores a used Jayco RV for which they failed to obtain emissions testing through a state agency. The RV's check engine light came on after Flores had driven it for just a few hours. Flores suffered a headache and had to visit the emergency room.

Just a few hours after buying the vehicle, Flores asked Summit Credit Union to stop payment on her check, but it refused to provide that service. Summit Credit Union employees verbally abused Flores, though it is not entirely clear what they said to her. Summit Credit Union is "extorting" Flores for $3,400 in towing fees. Flores is still paying off her loan for the RV.

Defendant Progressive Insurance knew that the RV had significant water damage. Flores drove the RV to Progressive's headquarters. No one would inspect the RV or deem it to be a total loss, but Flores saw an African American couple whose vehicle was deemed totaled. Progressive should have considered the RV a salvage vehicle rather than totaling it.

Flores had an extended service warranty from defendant Camping World/Good Sam, but it refused to pay for $2,000 in repairs to the RV. A Camping World branch in Wisconsin didn't approve Flores for a loan even though it pulled her credit three to five times. That branch would not buy the RV, but Flores's reasons why are unclear.

Jayco would not buy back the RV even though it was poorly built and had water damage.

Flores hasn't been able to sell the RV because the Arizona Department of Transportation incorrectly titled it. But, in an apparent inconsistency, Flores appears to allege that she no longer owns the RV. The RV was retitled in another state without an accompanying bill of sale. Summit Credit Union is not licensed in that state.

ANALYSIS

I begin with Flores's contention that I am biased against her.

**A. Motion for recusal**

Flores, a frequent litigator in this court, alleges that I have mocked, defamed, and harassed her, and improperly dismissed her cases. Dkt. 18 at 6–7. Flores contends that I have engaged in this conduct because I represented her relative 20 years ago. *Id.* at 7.

I will construe these allegations as a motion for recusal under 28 U.S.C. § 455(a). Section 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons,

3

but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

Flores presents no evidence from which a reasonable observer could conclude that I am biased against her. My unfavorable rulings in various cases are not a reason for my recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). I have not mocked, defamed, or harassed Flores, and I never represented the person she identifies. I will deny Flores's motion for recusal.

B.  **Subject matter jurisdiction**

Flores asserts two federal claims: a violation of the FCRA and a violation of Title II.

1.  **Federal claims**

    a.  **FCRA**

Flores brings an FCRA claim against Summit Credit Union. Flores doesn't specify under which provision her FCRA claim arises, but a potential claim under 15 U.S.C. § 1681s–2 appears to be the closest fit to her allegations.

The FCRA imposes duties upon persons who furnish information to credit reporting agencies. *McKeown v. Sears Roebuck & Co.*, 335 F. Supp. 2d 917, 936 (W.D. Wis. 2004). "Upon notice of a dispute from a credit reporting agency, § 1681s–2(b)(1) requires the entity furnishing the information to conduct [a reasonable] investigation regarding the dispute and to report its findings accordingly[.]" *See id.* The "duties imposed on providers of information under § 1681s–2(b) arise only after the entity furnishing the information receives notice from a consumer reporting agency that a consumer is disputing credit information." *Id.*; *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Flores hasn't alleged that she disputed credit information that Summit Credit Union provided to a major credit bureau, much less that Summit Credit Union failed to conduct a

reasonable investigation upon receiving notice that Flores was disputing credit information. Flores hasn't even alleged that Summit Credit Union furnished inaccurate credit information about her to a major credit bureau, and her allegations don't support this inference. I will not allow Flores to proceed against Summit Credit Union under the FCRA.

    b. Title II

Flores brings a claim under Title II against Progressive Insurance. Title II prohibits discrimination in places of public accommodation on the basis of race and other characteristics. *Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 17361709, at *3 (E.D. Wis. Dec. 1, 2022). I will assume for purposes of this opinion that the Progressive Insurance office that Flores visited is a place of public accommodation under these statutes.

Flores alleges that no Progressive Insurance employee would inspect the RV or total it even though she saw an African American couple totaling their vehicle. Flores hasn't stated when this alleged discrimination occurred, identified the employee or employees who refused to provide this service, or provided any other factual details of her interactions with them. *Cf. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (describing allegations supporting a discrimination claim). The bare assertion that an African American couple received a service that Flores didn't receive doesn't plausibly suggest that any Progressive Insurance employee violated Title II. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (to state a discrimination claim, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together"). I will not allow Flores to proceed against Progressive Insurance under Title II.

### 2. Amount in controversy

"Congress has authorized federal jurisdiction over civil actions in which there is complete diversity of citizenship and *more than* $75,000 is in controversy." *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (emphasis added) (citing 28 U.S.C. § 1332(a)). Flores has burden of alleging a basis for diversity jurisdiction. *See id.*

Flores seeks $450,00 for damage to her credit report, and another $255,000 for damage to her credit and housing expenses. But Flores hasn't described any damage to her credit report or housing expenses. Flores alleges that Camping World pulled her credit three to five times without approving her for a loan, but that bare assertion doesn't suggest a violation of federal or state law. Apart from that, Flores alleges that she incurred $75,000 in damages for the cost of the RV and repairs, and in personal injury expenses. Based on Flores's description of the events underlying her claims, I have doubts about whether these costs and expenses total this amount. But I need not address that concern because the amount in controversy must *exceed* $75,000 to support diversity jurisdiction, which $75,000 doesn't. I will not allow Flores to proceed on any potential state-law claim because she hasn't alleged a plausible basis for diversity jurisdiction. Because Flores doesn't state any federal claims for relief, nor meet the requirements for diversity jurisdiction, I will dismiss the case.

### C. Other matters

Flores has filed a motion making multiple requests, including for me to relieve her of her loan. I will deny that motion as moot because I am dismissing the case.

Flores filed Dkts. 18–20 under seal. But proceedings in federal court are presumptively open to the public and Flores has not provided any reason why her filings should be kept from the public. I will direct the clerk of court to unseal those filings.

SANCTIONS

This lawsuit is the latest instance in which Flores has filed a complaint that does not state a claim that can be heard in this federal court. Over the last three years, Flores has filed 13 lawsuits in this court, 12 of which (including this one) I have dismissed at the screening stage for failing to state a federal claim, failing to meet the requirements for diversity jurisdiction, or being duplicative of another of her complaints. Over that time she has also filed 21 federal lawsuits in other district courts.

Federal courts have the inherent power to sanction litigants who "abuse[] the judicial process with frivolous litigation." *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006); *see also In re Sindram*, 498 U.S. 177, 179–80 (1991) ("The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests."). I conclude that it is appropriate to sanction Flores by barring her from bringing new lawsuits in this court without first prepaying the entire filing fee (otherwise known as filing "in forma pauperis"). The only suits that Flores may file in this court without full payment of the fee are habeas corpus petitions relating to a criminal conviction. Any other civil lawsuit that Flores files without full prepayment will be docketed and summarily dismissed. After two years, Flores may file a motion asking me to lift or modify this filing bar. I will direct the clerk of court to forward copies of this opinion to the district courts for the Eastern District of Wisconsin, Northern District of New York, and District of Columbia (the courts where Flores has or likely would continue to file more lawsuits), so that they are aware of the sanctions issued against Flores in this court.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to amend, Dkt. 19, is GRANTED.

2. This case is DISMISSED.

3. Plaintiff's motion for miscellaneous relief, Dkt. 20, is DENIED as moot.

4. The clerk of court is directed to unseal Dkts. 18–20.

5. Plaintiff is sanctioned as set forth in the opinion above.

6. The clerk of court is directed to enter judgment accordingly and close the case.

7. The clerk of court is directed to send copies of this order to the district courts for the Eastern District of Wisconsin, Northern District of New York, and District of Columbia.

Entered April 19, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge